THE MAYOR AND COUNCIL OF CUMMING *et al.* *v.* PUETT.

*Lumpkin, J.*—1. Inasmuch as the charter of the town of Cumming (Acts of 1884-5, p. 414) declares that either of the constables of the militia district in which that town is situated is authorized, empowered and required "to levy and collect all *fi. fas.* and enforce all orders" of the council; and inasmuch as that charter, while adopting numerous sections of the general law for the incorporation of towns and villages as embodied in the code, expressly omits section 779, which authorizes the election of a marshal, the mayor and council have no authority to elect a marshal *eo nomine*; and therefore if, contrary to law, they went through the form of electing a person to this office, he had no authority to levy a tax *fi. fa.* issued by the direction of such mayor and council, but the duty of levying the same devolved upon one of the constables above mentioned.

2. Although section 786 of the code, which was adopted as a part of the charter of the town of Cumming, confers upon the council the authority "to preserve peace and good order therein, and for this purpose to appoint, when necessary, a police force to assist the marshal in the discharge of his duties;" and although section 790 of the code, which was also adopted as a part of this charter, provides that "it shall be the duty of the

marshal to collect the town or village taxes," etc., the language of these sections is to be considered in connection with the express terms and provisions of the act incorporating the town, the manifest purpose of which was to dispense with the office of marshal, and impose the duties which would ordinarily devolve upon that officer upon the constables of the district. Therefore, it would be encumbent upon the "police force" referred to in the former section, if appointed, to assist the constables as *ex officio* marshals; and the duty of collecting taxes, provided for in the latter section, is to be performed by these constables, or one of them, acting in the capacity of marshal.

3. Under section 786, it is within the power of the Mayor and Council of Cumming to revise the returns of taxpayers in that town and to correctly assess the property of a taxpayer, whenever in their judgment there has been an undervaluation of the taxpayer's property in a return made by himself. It does not appear in the present case that the increase made in the valuation of the plaintiff's property was unjust or excessive.

4. Inasmuch as the levy by the so-called marshal was absolutely illegal and void, the injunction should have been granted without condition. Direction is given for a proper modification of the judgment.          *Judgment affirmed, with direction.*

July 29, 1895.

Injunction. Before Judge Gober. Forsyth county. April 30, 1895.

Puett having made return of his property for municipal taxation at a valuation of $3,000, the mayor and council of the town raised the assessment to $6,000, and upon failure to pay the tax based on the increased valuation, issued an execution which was levied by one Howard as marshal of the town, elected by the mayor and council. Puett thereupon brought his petition for injunction, alleging the assessment and levy to be illegal for the reasons appearing in the first two head-notes, and on other grounds. On the hearing the judge ordered that the levy be restrained upon payment or tender to the clerk of council or the proper levying officer of the amount of tax based on the original assessment, holding that Howard had no authority to make the levy, etc.

*H. P. Bell* and *R. P. Lester*, for plaintiffs in error.
*H. L. Patterson*, contra.